16 F.3d 1226
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Arthur WILLIAMS, Petitioner/Appellant,
v.
C.A. TURNER, Respondent/Appellee.
 No. 93-1173.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1993.*
Decided Dec. 21, 1993.
 
 Before FAIRCHILD, BAUER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Arthur Williams appeals the dismissal of his petition for writ of habeas corpus under 28 U.S.C. Sec. 2241. After a hearing on charges of prison rioting, a Disciplinary Hearing Officer (DHO) found Williams guilty and sentenced him to 60 days of disciplinary segregation and forfeiture of 60 days statutory good time. The DHO also recommended a disciplinary transfer. Williams filed a Regional Administrative Appeal which was denied. His next appeal, to the General Counsel, was rejected as untimely. Williams then filed a Sec. 2241 petition, which was dismissed by the district court because Williams failed to establish cause for and prejudice from the procedural default of failing to file a timely appeal. We affirm.
 
 
 2
 Williams's Regional Administrative Appeal was denied on November 12, 1991. He was informed of his right to appeal within thirty days to the General Counsel. On November 28, 1991, Williams wrote a letter to the General Counsel requesting an extension for the filing of his appeal because he was separated from his legal papers during his prison transfer. The General Counsel responded, on December 5, 1991, that advance extensions would not be granted but that Williams could still file an appeal, the consideration of which would be contingent upon his submission of a reason for the delay. Williams's appeal was received on December 20, 1991, but was rejected as untimely because it contained no explanation for the delay.
 
 
 3
 Williams's failure to explain the delay in filing his appeal (and the resulting rejection of the appeal), constitutes procedural default. Sanchez v. Miller, 792 F.2d 694, 697 (7th Cir.1986), cert. denied, 479 U.S. 1056 (1987). Where administrative remedies have not been exhausted, a petition for habeas corpus will not be considered unless the petitioner establishes cause for and prejudice from his procedural default. Id. at 697. The district court found, and we agree, that whether Williams is able to establish cause for his procedural default is irrelevant because Williams failed to establish prejudice.
 
 
 4
 The basis of Williams's Sec. 2241 petition is that his staff representative suppressed evidence that would have been favorable to him at the DHO hearing. Williams offers no hint as to what the withheld evidence might have been. Consequently, he has not established prejudice from his procedural default.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Williams has filed such a statement. After considering that statement, we deny the request for oral argument and decide the appeal on the briefs and record